UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

CIVIL ACTION NO. 3:13-cv-27-GFVT

UNITED STATES OF AMERICA,                                                              PLAINTIFF,

v.                                    **MEMORANDUM OPINION
                                       AND ORDER**

DR. PHILIP ROBINSON,                                                                    DEFENDANT.

\*\*\*   \*\*\*   \*\*\*

The undersigned held an exemption hearing on December 9, 2015, to hear oral arguments about whether Defendant's 401(k) account liquidation and subsequent transfer to a checking account in his wife's name nullified the 401(k) funds' exempt status under Kentucky statute. [R. 130]. The parties were ordered to brief the issues, [R. 130], and now the matter is submitted for decision. Finding that Defendant no longer retains an ownership interest in the funds, and for the reasons stated below, the Defendant's request for an exemption is GRANTED.

BACKGROUND

The United States seeks to collect on a valid, final judgment it received against Defendant, an optometrist, for false Medicare claims totaling $594,725.00. Just after the judgment was entered, Defendant liquidated his 401(k) retirement account containing approximately $300,000, ultimately receiving about $185,000 after taxes and fees. He liquidated the 401(k) account in two parts. The first part of the liquidation, consisting of approximately $145,000, was deposited into a bank account jointly owned by Defendant and his wife. [R. 132-1 at 11]. He used a majority of these funds to pay off his debts to other creditors besides the federal government. In his second

transaction, Defendant deposited the remaining $40,000 from his 401(k) liquidation into a checking account in only his wife Sara Robinson's name. [R. 132-1 at 12]. Only this particular account is at issue here. At this time, $33,795 remains unspent in the account, and Defendant has failed to make any payments to the United States to satisfy its judgment.

At oral argument and in his memorandum, [R. 131], Defendant argues that the liquidated 401(k) funds being transferred to his wife's checking account did not cause the funds to lose their exempt status under Kentucky Revised Statute (KRS) section 427.150 or, alternatively, that the funds are no longer his property. Defendant argues that the funds in his wife's account are used to pay the family's bills, and "there was no testimony [that his wife] was not receiving the benefit of those payments." [R. 131 at 3]. In his memorandum, Defendant alternatively argues that the funds remain exempt because certain Kentucky case law implies that when creditors have no claim to the original property, they have no claim on the property when transferred. See, e.g., Paintsville Nat'l Bank v. Conley, 78 S.W.2d 313 (Ky. Ct. App. 1935) (a homestead exemption case); Hensley v. Lovely, 64 S.W.2d 157 (Ky. Ct. App. 1933) (same).

The United States counters in its briefing that the Defendant retains or has indicated that he holds a property interest in the funds in his wife's checking account based on certain statements made during depositions, such as an affirmative answer to the question, "[T]hat $40,000 that came out of your 401K [sic], that was your money, is that correct?" [R. 132-1 at 14]. As further support, the United States argues that the exempt status should not follow 401(k) funds when they are completely liquidated. [R. 132 at 4]. Finally, the United States points to Defendant's testimony that he continues to look for work and that the liquidated funds were used to pay off other debts, rather than being utilized for their exempted purpose: retirement. Thus, the United States argues that the

2

funds in Defendant's wife's account, too, cannot be exempt because they are no longer being used for Defendant's retirement, a use that they feel should defeat the 401(k) exemption within KRS sections 427.150(2)(e) and (f).

Additionally, since briefing closed, the United States has submitted a Notice of Additional Authority [R. 134], which they believe supports their request for Defendant's funds to have been washed of their exempt status through the transfer. Citing the recent decision Nunn v. Ross, No. 2014-CA-000452-MR, 2015 WL 4880305 (Ky. Ct. App. Aug. 14, 2015), review denied, (Ky. Feb. 10, 2016), the United States points out that the Court of Appeals of Kentucky held that legislative retirement benefits under KRS section 21.470 lose their exempt status once paid to a recipient. This late-filed authority, too, will be addressed below.

## LAW AND ANALYSIS

The specific issue here is whether the exempt status under KRS section 427.150 follows funds from a 401(k) account when liquidated and deposited into a personal checking account in a spouse's name. A related, threshold issue is whether the deposit is instead a transfer of ownership to the spouse and thus not subject to execution. KRS section 427.150 states that:

> To the extent reasonably necessary for the support of an individual and his dependents in addition to property totally exempt under subsection (2) of this section, that individual shall be entitled to exemption of money or property received and rights to receive money or property for alimony, support, or separate maintenance.

Subsection (2) includes an exemption allowed for pensions and various types of retirement accounts, including 401(k) accounts. Ky. Rev. Stat. § 427.150(2)(e)-(f). Defendant's wife claimed such an exemption for the funds in her account on behalf of Defendant, but the United States objects and seeks to collect those funds. [R. 115]. Defendant claims that the funds are not collectible for two alternative reasons: (1) the funds in Mrs. Robinson's account no longer belong to Defendant or

3

(2) the funds in the account retain their exempt status despite the transfer to his wife. As stated above, the United States believes both that Defendant has retained a property interest in the funds and that the transfer itself, in addition to Defendant's failure to be "retired," washes the funds of their exempt status.

As an initial matter, neither party came forward with controlling authority on these issues. For example, the Court notes that the cases cited by Defendant provide limited support for his two arguments. In one of his cited cases, Paintsville Nat'l Bank v. Conley, 78 S.W.2d 313 (Ky. Ct. App. 1935), the creditor sought to set aside a husband-to-wife homestead conveyance in order to take the land to satisfy its judgment against the debtor. In its determination, the court noted that, despite the defendant's subversive intentions to defeat his creditors, the conveyance was not fraudulent because it was "exempt by law" as a homestead.[1] Id. at 314. These authorities provide limited assistance because they do not address exemptions of retirement accounts like the 401(k) account at issue here. Moreover, the cases cited by Defendant do not directly address his threshold ownership argument regarding the account belonging solely to his wife. The United States noted a "dearth of case law" and supplied bankruptcy case law that it felt was instructive. [R. 132 at 3].

However, in its late-filed Notice of Additional Authority [R. 134], the United States argues that the recent Nunn decision should control in this context. The Nunn court held that, "[o]nce paid to a recipient, these retirement benefits lose their exempt status under KRS 21.470 and may be properly subject to garnishment." Nunn, 2015 WL 4880305, at *2. The court was construing a

---

[1] The other case cited by Defendant, Hensley v. Lovely, 64 S.W.2d 157 (Ky. Ct. App. 1933), likewise concerns the transfer of property with a homestead exemption and is unhelpful for the same reasons.

4

transfer of legislative retirement funds to the defendant's inmate account under a different statute than the one at issue here. Under that statute, KRS section 21.470, the Nunn court reasoned that the defendant's retirement funds, once paid out, were no longer "accrued or accruing" and thus lost their statutorily exempt status. But the exemption statute at issue here, KRS section 427.150, is broader than the statute construed in Nunn and holds a distinguishable place in Kentucky's statutory scheme. While the Nunn exemption statute relates only to legislative and judicial retirement accounts, KRS section 427.150 more generally relates to "Property Totally or Partially Exempt" within Chapter 427 of the Kentucky Revised Statutes, which provides for the various exemptions under Title XXXIX (the "Provisional Remedies, Enforcement of Judgments, and Exemptions"). Thus, the undersigned does not find Nunn's reasoning to be sufficiently analogous or persuasive with regard to KRS section 427.150. Putting that distinction aside, more importantly, the Nunn court permitted the garnishment of the defendant's *own account*, not the account of someone else. Nunn, 2015 WL 4880305, at *2. Accordingly, Nunn is unhelpful at this juncture because it does not answer the threshold question regarding whether the funds belong to Defendant, the issue to which the Court now turns.

     Regarding the ownership issue, the United States has simply not met its burden to show that Defendant maintains an ownership interest in the checking account upon which they hope to execute their judgment, nor have they shown that some type of fraudulent transfer occurred. See Stewart v. Wheeler, 295 S.W. 991, 992 (Ky. Ct. App. 1927) ("Ordinarily the burden is on the creditor . . . to show that the conveyance was made . . . in fraud of the rights of the creditor."); Stix v. Calender, 160 S.W. 514, 515 (Ky. Ct. App. 1913) ("The rule is that the burden of proof is upon the creditor to show that the property belongs to the debtor, and that it has been fraudulently

5

transferred to the wife.").[2] Defendant testified at his exemption hearing that the funds were now his wife's and that the bank account was in her name only. These facts were consistent with Defendant's deposition testimony as well, [R. 132-1 at 12], and are uncontradicted in the record. The United States's contention that Defendant stated during his deposition that the funds in the account were his is unsupported by a review of the context of that statement. His affirmative answer to the question, "Well, I'm just saying that the – that $40,000 that came out of your 401K, that was your money, is that correct?" is not equivalent to Defendant admitting that he retained an ownership interest in the funds when ultimately transferred to his wife's account. [See R. 132-1 at 13-14]. As noted above, the Nunn case cited by the United States is unpersuasive and is distinguishable on this issue precisely because the court permitted the garnishment of the defendant's *own inmate account*, not an account belonging to someone else. See Nunn, 2015 WL 4880305, at *2. Furthermore, the United States has failed to produce evidence that the bank account is jointly-owned, that Defendant has signatory power on the account, or that these liquidated 401(k) funds were ever in Defendant's possession (which could have made them, however briefly, collectible), rather than being directly transferred to Mrs. Robinson. With no evidence of any indicia of ownership in the funds presently in Mrs. Robinson's account, the United States has not met its burden to disprove Defendant's claimed exemption.

---

[2] Likewise, to the extent that bankruptcy law is instructive, the United States, as the party objecting to Defendant's claimed exemption, carries the initial burden of proof to show that the claimed exemption is not fitting. See In re Aubiel, 534 B.R. 300, 304 (B.A.P. 6th Cir. 2015) (citing several cases and rules in accord); In re Lester, 141 B.R. 157 (Bankr. S.D. Ohio 1991) ("When a party objects to a debtor's claim of exemption, it is the burden of the objecting party to prove that the exemption is not properly claimed. This burden is satisfied [by producing prima facie evidence]."). Here, the United States has not produced any actual, prima facie evidence that Defendant owns the funds in his wife's checking account.

Therefore, the Court need not address the exempt status transfer argument as Defendant prevails on his threshold argument regarding ownership of the funds. Even assuming, without finding, that Defendant retained an ownership interest in the funds, the general rule in Kentucky and its sister jurisdictions[3] is that exemption statutes' protections extends to the funds' deposit into checking accounts when easily identified or traceable. Matthews v. Lewis, 617 S.W.2d 43, 46 (Ky. 1981) ("We hold that unless they provide clearly to the contrary, Kentucky's exemption statutes, including but not limited to KRS 342.180, extend protection to deposits in bank checking accounts so long as those deposits can be identified as or traced to payments of exempt funds."); see also Garcia v. Kentucky Employers Mut. Ins. Co., No. 2008-CA-001487-MR, 2009 WL 3326807, at *2 (Ky. Ct. App. Oct. 16, 2009) ("We agree that assets received from a statutorily exempted source and then deposited into a bank checking account do not lose their exempt status."); accord Daugherty v. Central Trust Co., 504 N.E.2d 1100, 1103 (Ohio 1986); In re Bresnahan, 183 B.R. 506, 508-09 (Bankr. S.D. Ohio 1995) (extending the Daugherty rationale to other types of statutorily exempt funds, such as exempt retirement funds). Put simply, the United States has not shown that the funds in Mrs. Robinson's account actually belong to the Defendant, precluding any argument over the transfer of the exempt status.

---

[3] The undersigned does note that KRS section 427.150 exemption issues specifically have been addressed in bankruptcy cases from this district and appear to be in Defendant's favor, even if he had retained an ownership interest in the checking account. In In re Cornett, 332 B.R. 289 (Bankr. E.D. Ky. 2005), the court found in the context of a KRS section 427.150 retirement account exemption that the funds' exempt status followed the money when deposited into his checking account. Id. at 291. In doing so, the court agreed with the Supreme Court of Ohio and a bankruptcy court in Ohio that concluded the same thing: statutorily exempted retirement funds retain their exemption when transferred to checking accounts that are subsequently used for "regular subsistence expenses." Id.; see also In re Bresnahan, 183 B.R. 506, 508-09 (Bankr. S.D. Ohio 1995); Daugherty v. Central Trust Co., 504 N.E.2d 1100, 1103 (Ohio 1986). Again, this determination is not necessary because the funds in Mrs. Robinson's account do not bear any indicia of Defendant's ownership, mooting any exemption transfer argument.

## CONCLUSION

Accordingly, the undersigned finds that any remaining funds from the 401(k) liquidation–to wit, the $33,795 presently in Sara Robinson's account–no longer belong to Defendant. The funds are not subject to execution to satisfy Defendant's judgment debt.

IT IS ORDERED that the Defendant's request for an exemption is **GRANTED**.

Signed May 26, 2016.

Signed By:
*Edward B. Atkins*  EBA
United States Magistrate Judge